Curtis SMITH, Appellant

v.

C.O. O'BOYLE; H. Dougherty; Alice Chipriano; Marva Cerullo; Dr. Marsha Modeny; Edward Martin; Edward Klem; Jeffrey Beard.

No. 07–2709.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 4, 2007.

*Gould Elec., Inc. v. United States,* 220 F.3d 169, 179 (3d Cir.2000).

Curtis Smith, Frackville, PA, pro se.

Raymond W. Dorian, Pennsylvania Department of Corrections, Office of Chief Counsel, Camp Hill, PA, Alan S. Gold, Gold & Robins, Jenkintown, PA, for Appellee.

BEFORE: SLOVITER, CHAGARES and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Curtis Smith, proceeding pro se, appeals from the United States District Court for the Middle District of Pennsylvania's May 10, 2007 order granting Appellees' Rule 12(b)(6) motion for dismissal, 2007 WL 1412244. Because Smith's appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. *See* LAR 27.4 and I.O.P. 10.6.

Smith, a prisoner at the Mahanoy State Correctional Institution at Frackville, Pennsylvania ("SCI–Frackville"), initiated this civil action in September 2006 alleging

that Appellees violated his Eighth Amendment rights under 42 U.S.C. § 1983 by inadequately treating him for what was later diagnosed as kidney stones and hyperthyroidism. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review of a dismissal for failure to state a claim. *Angstadt v. Midd–West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir.2004).

■ As the District Court correctly assessed, Smith's complaint against Beard (Secretary of the Department of Corrections) and Cerullo (Health Care Administrator at SCI–Frackville) cannot withstand a motion to dismiss because he did make any specific allegations against them, and liability cannot be imposed on the basis of respondeat superior. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Additionally, Appellees Klem, Martin, and Chipriano were only involved in Smith's grievance and appeals, and Smith does not allege that they were personally responsible for the alleged constitutional deprivations. Prison officials who are not physicians are entitled to defer to the medical judgment of staff physicians, *see Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir.1993), and an administrator does not become responsible for the inmate's medical treatment simply by virtue of reviewing an inmate grievance. Accordingly, the District Court's dismissal of the claims against defendants Beard, Cerullo, Klem, Martin, and Chipriano was proper.

■ The remaining defendants are Correctional Officer O'Boyle, Nurse Dougherty, and Dr. Modeny, all of whom were involved in the response to Smith's request for medical treatment and/or the treatment itself. Smith alleges that he called O'Boyle and requested to see a doctor at around 11:00 p.m. on February 7, 2006, because he could not urinate due to "severe pain above his pelvic area and in his lower back." He claims that over two hours elapsed before he was taken to the medical department, that he was not given any medication although he was in severe pain, and that two more hours elapsed before he was taken to the hospital— where he was treated for kidney stones/colic and hyperthyroidism. After a thorough review of record, we agree with the District Court that Smith does not state a claim of deliberate indifference to a serious medical need as is required to sustain a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (setting forth standard).

While Smith's medical condition appears to have constituted a serious medical need, the defendants did not exhibit deliberate indifference to that need. A prison official is deliberately indifferent if the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834, 836, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (Deliberate indifference requires a sufficiently culpable state of mind, such as "reckless[ ] disregard[ ]" to a substantial risk of serious harm to a prisoner.). As the District Court noted, the reason for the initial delay in treatment was that the nursing staff was responding at the RHU to an inmate with a medical issue. Once that issue was resolved, Smith was immediately transported to the medical department. Dr. Modeny, the physician on-call, was contacted and he devised a course of treatment which was implemented by medical staff. When Smith did not respond to the treatment (which, according to the grievance process, included medication) he was transported to the hospital.

Even if the delay in Smith's initial treatment could evidence negligence, it does not rise to the level of deliberate indifference and thus does not violate the Eighth

Amendment. *See Estelle,* 429 U.S. at 106, 97 S.Ct. 285. We also agree with the District Court that Smith's complaint merely demonstrates his disagreement with the decision to treat him at the medical department rather than immediately transport him to the hospital. Because a disagreement as to the proper medical treatment for a prisoner is insufficient to establish an Eighth Amendment violation, the District Court properly dismissed Smith's complaint. *See Spruill v. Gillis,* 372 F.3d 218, 235 (3d Cir.2004).

For the foregoing reasons, and those given by the District Court, we will affirm.